Niels W. Frenzen (CA 139064)
nfrenzen@law.usc.edu
Jean E. Reisz (CA 242957)
jreisz@law.usc.edu
Avery Van Den Berg (CA 364571)
avandenberg@law.usc.edu
USC Gould School of Law, Immigration Clinic
699 Exposition Blvd.
Los Angeles, CA 90089-0071
213-740-8933; 213-821-3108
Attorneys for Petitioner

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Ashay SOOKHINUNTHEN,
Petitioner,
v.

Markwayne MULLIN, Secretary, U.S. Department of Homeland Security; Todd BLANCHE, U.S. Attorney General; David J. Venturella, Senior Official Performing the Duties of the Director, Immigration and Customs Enforcement; Jaime RIOS, Acting Director, Los Angeles Field Office, Immigration and Customs Enforcement, Enforcement and Removal Operations; Fereti SEMAIA, Warden, Desert View Annex; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. DEPARTMENT OF HOMELAND SECURITY,
Respondents.

Case No. 5:26-cv-06131

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

## TABLE OF CONTENTS

Table of Authorities……………………………………………………... ii

INTRODUCTION ……………………………………………………………1

STATEMENT OF FACTS……………………………………………….….3

ARGUMENT…………………....…………………....……………………....5

I. PETITIONER IS LIKELY TO SUCCEED ON THE MERITS

A. Violation of Fifth Amendment Due Process Clause……………………......6

B. Violation of 8 U.S.C. § 1357, 8 C.F.R. § 287.8(c)(2), and the Preliminary Injunction in Vasquez Perdomo v. Mullin, No. 2:25-CV-05605-MEMF-SP, 2026 WL 2751388 (C.D. Cal. Sept. 2, 2026)……………………………………..10

C. Violation of DHS Regulations ……………………………………..…11

D. Violation of Fourth Amendment ……………………………………..13

II. PETITIONER WILL SUFFER IRREPARABLE HARM IN THE ABSENCE OF A TRO……………………………………..… ……………………14

III. THE BALANCE OF EQUITIES TIPS IN PETITIONER'S FAVOR AND A TRO IS IN THE PUBLIC INTEREST..……………………………………15

CONCLUSION………………………………………………………..16

## TABLE OF AUTHORITIES

**Cases** **Page**

*Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011) ........ 5

*Charan S. v. Warden of the California City Detention Facility*, No. 1:26-cv-03017-TLN-JDP, 2026 WL 1144158 (E.D. Cal. Apr. 28, 2026) ........ 9

*Dai v. Janecha*, No. 5:26-cv-03966-PD, 2026 WL 2164154 (C.D. Cal. July 24, 2026) ........ 7

*Domingo v. Kaiser*, No. 25-cv-05893-RFL, 2025 WL 1940179 (N.D. Cal. July 14, 2025) ........ 9

*E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. 2025) ........ 9

*E.E.O.H. v. Noem*, No. 1:26-cv-01266-JLT-SAB-HC, 2026 WL 850363 (E.D. Cal. Mar. 26, 2026), *report and recommendation adopted*, 2026 WL 967670 (E.D. Cal. Apr. 9, 2026) ........ 7

*Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180 (9th Cir. 2024) ........ 5

*Gagik T. v. Chestnut*, No. 1:26-cv-04337-MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026) ........ 6

*Hasratyan v. Bondi*, No. 5:26-cv-00210-MCS-ADS, 2026 WL 288909 (C.D. Cal. Feb. 2, 2026) ........ 9

*Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017) ........ 14

*Jasbir v. Warden*,
No. 26-cv-579-JES-BJW, 2026 WL 353354
(S.D. Cal. Feb. 9, 2026) .................... 10

*Kalkan v. Chestnut*,
No. 1:26-cv-02028-DAD-EFB, 2026 WL 788112
(E.D. Cal. Mar. 20, 2026) .................... 8

*Kharitonova v. Albarran*,
No. 3:26-cv-01362-JSC, 2026 WL 531441
(N.D. Cal. Feb. 25, 2026) .................... 8

*Lin v. Mullin*,
No. 5:26-cv-04883-DTB, 2026 WL 2722531
(C.D. Cal. Sept. 15, 2026) .................... 7, 8, 9

*Mathews v. Eldridge*,
424 U.S. 319 (1976) .................... 8

*Melendres v. Arpaio*,
695 F.3d 990 (9th Cir. 2012) .................... 14

*Moreno Galvez v. Cuccinelli (Moreno I)*,
387 F. Supp. 3d 1208
(W.D. Wash. 2019) .................... 15

*Moreno Galvez v. Cuccinelli (Moreno II)*,
492 F. Supp. 3d 1169
(W.D. Wash. 2020) .................... 14, 15

*Moreno Galvez v. Jaddou*,
52 F.4th 821 (9th Cir. 2022) .................... 14

*Morrissey v. Brewer*,
408 U.S. 471 (1972) .................... 7

*Nken v. Holder*,
556 U.S. 418 (2009) .................... 15

*Prior v. Chestnut*,
No. 1:25-cv-01131-JLT-EPG-HC, 2026 WL 309560
(E.D. Cal. Feb. 5, 2026)........................................................................................10

*Riveros-Sanchez v. City of Easton*,
861 F. App 819 (3d Cir. 2021) ..................................................................................9

*Rodriguez v. Robbins*,
715 F.3d 1127 (9th Cir. 2013)..................................................................................16

*Saballos Rosales v. Noem*,
No. 5:26-cv-00112-JWH-MBK, 2026 WL 761371
(C.D. Cal. Mar. 16, 2026)...........................................................................................8

*Sanchez v. Sessions*,
904 F.3d 643 (9th Cir. 2018)....................................................................................13

*Stuhlbarg International Sales Co. v. John D. Brush & Co.*,
240 F.3d 832 (9th Cir. 2001)......................................................................................5

*Tzoc v. LaRose*,
No. 26-cv-3965-GPC-VET, 2026 WL 2227161
(S.D. Cal. Aug. 3, 2026)..............................................................................................7

*Valle del Sol Inc. v. Whiting*,
732 F.3d 1006 (9th Cir. 2013)...............................................................................15-16

*Vasquez Perdomo v. Mullin*,
No. 2:25-cv-05605-MEMF-SP, 2026 WL 2751388
(C.D. Cal. Sept. 2, 2026) ........................................................................................2, 11

*Villanueva-Montanez v. Lyons*,
No. 2:26-cv-00954-DAD-CKD, 2026 WL 797930
(E.D. Cal. Mar. 23, 2026)............................................................................................7

*Warsoldier v. Woodford*,
418 F.3d 989 (9th Cir. 2005)....................................................................................14

*Zadvydas v. Davis*,
533 U.S. 678 (2001) ....................................................................................................6

*Zinermon v. Burch*,
494 U.S. 113 (1990) ........................................ 7

**Constitutional Provision, Statutes and Regulations**

U.S. Const. amend. IV ........................................ 3, 13
U.S. Const. amend. V ........................................ 2, 6
8 U.S.C. § 1357 ........................................ 2, 10
8 U.S.C. § 1357(a) ........................................ 13
8 U.S.C. § 1357(a)(2) ........................................ 11
8 C.F.R. § 287.3(d) ........................................ 3, 12
8 C.F.R. § 287.8(c)(2) ........................................ 2, 11
8 C.F.R. § 287.8(c)(2)(ii) ........................................ 10

## INTRODUCTION

Petitioner is a gay man in protective custody at the Desert View Annex in Adelanto, CA and his detention is unlawful and constitutes irreparable harm that is ongoing. TRO Ex. C, Declaration of Jean Reisz ("Reisz Decl."), ¶ 4. Petitioner filed a habeas petition on Friday October 16, 2026. *See* Petition for Habeas Corpus (DKT 1), Memorandum in Support (DKT 1-2), and Exhibits in Support (DKT 1-3).

Petitioner was arrested by immigration officials on October 8, 2026 at baggage claim in the John Wayne Airport in Santa Ana, CA while traveling with a family, whom he lived with and whose children he cared for, on vacation in California from Colorado. *See* Habeas Ex. A, Declaration of Jean Reisz ("Reisz Decl,"), ¶ ¶5-9.

Petitioner was lawfully admitted to the U.S. on a J-1 visa and lawfully applied for asylum with USCIS while still in lawful status. *See* TRO Ex. B, Declaration of Attorney Matthew Cameron ("Cameron Decl."), ¶ 4-6; Petitioner has no criminal history and has a valid and current employment authorization document. TRO Ex. B, Cameron Decl., ¶ ¶ 9-12. Prior to his arrest, Petitioner had been at liberty for four years while the government exercised authority over the adjudication of his application for asylum, and Petitioner completed biometrics, updated his address, and was granted employment authorization. *Id.*, ¶ ¶ 8-12 In other words, Petitioner's identity, residence, and pending application were all known to the government for four years while Petitioner waited for the Government to call him in for an asylum hearing, the Government chose not to detain him, and Petitioner

developed liberty interests in the four years he has remained free from custody waiting for his asylum interview. *Id.*

Petitioner's unlawful arrest and detention is part of an unlawful pattern and practice of the Government arresting anyone suspected to be in unlawful status in the U.S. without a warrant and without determining whether they pose a risk of escape or a risk of flight. *See Vasquez Perdomo v. Mullin*, No. 2:25-CV-05605-MEMF-SP, 2026 WL 2751388 at *17 (C.D. Cal. Sept. 2, 2026) (finding Plaintiffs can likely show "that Defendants operate a coordinated set of policies concerning escape risk assessments, three of which—no escape risk assessment, escape risk assessment based solely on unlawful status, and escape risk assessment based on false assertions—operate in tandem to support the stated goal of arresting everyone without lawful status, thereby avoiding the escape risk assessment requirement, and by doing so, violating federal law and the rights of Plaintiffs.").

Petitioner seeks a Temporary Restraining Order that requires Respondents to not remove him from this district and orders his immediate release because Petitioner was detained without a pre-deprivation hearing to determine whether he posed a risk of flight or a danger in violation of Fifth Amendment Due Process Clause, without the required statutory and regulatory escape risk analysis that must be conducted during a warrantless arrest pursuant to 8 U.S.C. § 1357, 8 C.F.R. § 287.8(c)(2), and the Preliminary Injunction in *Vasquez Perdomo v. Mullin*, without the requisite custody determination to be conducted within the first 48 hours of an

arrest pursuant to 8 C.F.R. § 287.3(d), and in violation of the Fourth Amendment's protection against unreasonable seizure.

Petitioner has now been detained for 12 days. Petitioner seeks a temporary restraining order to expedite his release given the irreparable harm of remaining unlawfully detained and because Petitioner's habeas petition has not yet been assigned to a judge and the briefing schedule under General Order 26-05 related to immigration habeas petitions under 28 U.S.C. § 2241 has not commenced for reasons beyond Petitioner's control. TRO Ex. C, Reisz Decl., ¶¶ 5-7.

**STATEMENT OF FACTS**

Petitioner is twenty-eight years old and seeking asylum from South Africa due to the harm he received and fears as a gay man. *See* TRO Ex. B, Cameron Decl., ¶ 3, Petitioner was lawfully admitted to the U.S. on a J-1 visa and lawfully applied for asylum with USCIS while still in lawful status. *Id.; see also* Habeas Ex. C, Petitioner's J-1 visa ("J-1 visa"), Habeas Ex. D, Petitioner's I-94 ("I-94"), Habeas Ex. E, U.S, Department of State Form DS-2019, Certificate of Eligibility for Exchange Visitor Status J-Non-Immigrant ("J-1 Certificate"), and Habeas Ex. F, Petitioner's I-589 receipt ("I-589 receipt"). Petitioner lawfully complied with biometrics, updated his address with USCIS, and was granted an employment authorization document that he renewed. *See generally* TRO Exh. B, Cameron Decl. and attached emails.

Prior to his arrest, Petitioner had been at liberty for four years while the government exercised authority over the adjudication of his application for asylum. *Id.* During that time, Petitioner cared for infant children and families, providing an invaluable service and becoming "a member of the family" for those who employed him. See Habeas Ex. G, Letter from Jaime Lynn Prashaw ("Prashaw Letter"), Habeas Ex. H, Letter from Tammy Lynn Stadille ("Stadille Letter"), and Habeas Ex. I, Letter from Dr. Madelyn Pickle ("Pickle Letter"). Petitioner does not have any criminal history.

Within less than 48 hours of his immigration arrest, counsel for Petitioner inquired about a custody determination for Petitioner and was told by ICE Officer Juan Guiterrez Deportation Officer, Los Angeles Field Office- who verified that Petitioner was at Adelanto, CA- that counsel would have to "wait for a judge". See Habeas Ex. A, Reisz Decl, ¶ 10. Petitioner inquired where to send documents in support of release to be considered in the ICE custody determination which showed Petitioner's lawful admission on a J visa, lawful application for asylum while still in J status, letters of support from employers and friends, and a letter from Mr. Jeffrey Prashaw indicating that Petitioner would continue to live with him and attend immigration obligations if released. *Id., see also* Habeas Ex. J Email Communication between Jean Reisz and ICE. In response, ICE Officer Gutierrez asked counsel if she thought "visas never expire" which indicates Petitioner is

being held without a custody determination and based solely on being present in the United States without a current visa. *Id.*

**ARGUMENT**

Petitioner is likely to prevail on the merits and will be irreparably harmed absent the Court's granting the request for a temporary restraining order. The requirements for granting a temporary restraining order are "substantially identical" to those for granting a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

Petitioner must demonstrate that (1) he is likely to succeed on the merits of his claims; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). A sliding scale test may be applied and an injunction should be issued when there is a stronger showing on the balance of hardships, even if there are "serious questions going to the merits" and a "likelihood of irreparable harm and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011); see also *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1190 (9th Cir. 2024). Petitioner satisfies the criteria and a TRO should be granted.

///

## I. PETITIONER IS LIKELY TO SUCCEED ON THE MERITS.

### A. Violation of Fifth Amendment Due Process Clause

Petitioner's arrest violates the Fifth Amendment Due Process Clause because he was deprived of his liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

Petitioner had a protected liberty interest in remaining free from custody. Under due process required by the Fifth Amendment, Petitioner developed substantial liberty interests because he commenced immigration process by applying for asylum, and the Government chose not to detain him for four years. *See Gagik T. Chestnut*, et al, Case No. 1:26-cv-04337-MWJS, 2026 WL 1837413 (ordering release of a noncitizen who entered on a tourist visa, applied for asylum, was granted employment authorization and remained out of custody for 6 years). Petitioner reported for biometrics, provided his updated address, and applied for and was granted employment authorization which he renewed. *See* TRO Ex. B, Cameron Decl.

Although the Government did not initially detain Petitioner and release him, the Government- who was aware of his identity, his visa expiration, and his residence- made the decision not to detain him in the first place. Petitioner has "the

same liberty interest in his continued freedom as an individual who was initially detained." *Lin v. Mullin*, No. 5:26-cv-04883-DTB, 2026 WL 2722531 (finding a protected liberty interest and ordering release of noncitizen who was admitted on a B visa, applied for asylum with USCIS, and was arrested at her biometrics appointment seven months after her admission); *see also Kharitonova v. Albarran,* Case No. 3:26-cv-01362-JSC, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026). Petitioner was at liberty in the community while the Government exercised authority over him for the purpose of adjudicating his application for asylum and he was owed a pre-deprivation hearing. *Id.* at *4; *see also Zinermon v. Burch*, 494 U.S. 113, 127 (1990) ("the Constitution requires some kind of hearing *before* the State deprives a person of liberty or property") (emphasis in original); *see also Morrissey v. Brewer*, 408 U.S. 471 (1972) (comparing release from immigration custody to liberty interest in parole).

California Courts have found a protected liberty interest in nearly identical circumstances as those present in this case. *See e.g. Tzoc v. LaRose*, Case No. 26-cv-3965-GPC-VET, 2026 WL 2227161, at *2-3 (S.D. Cal. Aug. 3, 2026); *Dai v. Janecha*, Case No. 5:26-cv-03966-PD, 2026 WL 2164154, at *1-2 (C.D. Cal. July 24, 2026); *E.E.O.H. v. Noem*, Case No. 1:26-cv-01266-JLT-SAB-HC, 2026 WL 850363, at *4-5 (E.D. Cal. Mar. 26, 2026), *report and recommendation adopted*, 2026 WL 967670 (E.D. Cal. Apr. 9, 2026); *Villanueva-Montanez v. Lyons*, Case No. 2:26-cv-00954-DAD-CKD, 2026 WL 797930, at *1 (E.D. Cal. Mar. 23, 2026);

*Kalkan v. Chestnut*, Case No. 1:26-cv-02028-DAD-EFB, 2026 WL 788112, at *1 (E.D. Cal. Mar. 20, 2026); *Kharitonova v. Albarran*, Case No. 3:26-cv-01362-JSC, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026).

Respondents' act of detaining Petitioner without notice and without a pre-deprivation hearing after being free from custody for four years violates his right to due process and the appropriate remedy is release. In *Lin v. Mullin* the Court found a protected liberty interest required a pre-deprivation hearing under *Matthews v. Aldridge* 424 U.S. 319 (1976) and ordered release because the Petitioner already suffered the harm by being arrested without a pre-deprivation hearing and sufficient justification for the detention. *Lin v. Mullin*, No. 5:26-cv-04883-DTB, 2026 WL 2722531 *4-6. The facts in the instant case are almost identical to *Lin v. Mullin* where a lawfully admitted noncitizen initiated the asylum process and was subsequently arrested while the asylum application was pending adjudication. The facts in the instant case are stronger than in *Lin v. Mullin* because the petitioner in *Lin v. Mullin* was at liberty for seven months and here Petitioner was at liberty for four years. *Id. at* *2.

Other courts in this district have ordered release because a post-detention bond hearing does not cure the constitutional violation. *See Saballos Rosales v. Noem*, Case No. 5:26-CV-00112-JWH-MBK, 2026 WL 761371, at *3 (C.D. Cal. Mar. 16, 2026) (granting Temporary Restraining Order and finding that "the post-detention process [of a bond hearing] that Rosales did receive, and will receive, is no

substitute for the pre-detention process she was owed.") (*citing Hasratyan*); *Hasratyan v. Bondi*, Case No. 5:26-cv-00210-MCS-ADS, 2026 WL 288909, at *4 (C.D. Cal. Feb. 2, 2026) (concluding that where a petitioner received a procedurally deficient post-detention bond hearing, "the post-detention process Petitioner received and will receive is no substitute for the pre-detention process she was owed"). Other courts have likewise ordered released. *See e.g. Charan S. v. Warden, CA City,* Case No. 1:26-cv-3017, TLN-JDP, 2026 WL 1144158, at *6 (E.D. Cal. Apr. 28, 2026) (explaining that a "a post-deprivation court-ordered bond hearing does not cure the initial constitutional violation of unlawfully revoking Petitioner's liberty and detaining him without any process for nearly two months"); *Domingo v. Kaiser,* Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14 2025); *see also* Riveros-Sanchez v. City of Easton, 861 F. App'x 819, 822 (3d Cir. 2021) ("[I]f a pre-deprivation hearing was required, then no amount of post deprivation process could cure the ... initial failure to provide a hearing.")

Petitioner had a substantial liberty interest in remaining in the community and pursuing his asylum application, he was arrested and detained without a pre-deprivation hearing to determine if he posed a danger or a risk of flight- and there is no evidence of danger or risk of flight- and he should be released and returned to his position absent the due process violation. *See Lin v. Mullin,* No. 5:26-cv-04883-DTB, 2026 WL 2722531 at *6 (citing cases ordering immediate release due to due process violation: *E.A.T.-B. v. Wamsley,* 795 F. Supp. 3d 1316, 1324 (W.D.

Wash. 2025*); Jasbir v. Warden,* Case No. 26-cv-579-JES-BJW, 2026 WL 353354, at *4 (S.D. Cal. Feb. 9, 2026)*; Prior v. Chestnut,* Case No. 1:25-cv-01131-JLTEPG-HC, 2026 WL 309560, at *9 (E.D. Cal. Feb. 5, 2026).

**B. Violation of 8 U.S.C. § 1357, 8 C.F.R. § 287.8(c)(2), and the Preliminary Injunction in *Vasquez Perdomo v. Mullin*, No. 2:25-CV-05605-MEMF-SP, 2026 WL 2751388 (C.D. Cal. Sept. 2, 2026)**

Respondents arrested Petitioner without a warrant and without an analysis as to whether Petitioner was likely to escape before a warrant could be issued as required by 8 U.S.C. § 1357. *See also* 8 C.F.R. § 287.8(c)(2)(ii) (permitting a warrantless arrest only where the immigration officer believes the individual is likely to escape).

Any analysis of escape risk particular to Respondent would have revealed no risk as Respondent had lawfully entered on a visa, lawfully applied for asylum with USCIS, complied with biometrics, address changes, was granted employment authorization and renewal, and was waiting for an asylum interview. TRO Ex. B, Cameron Decl. ¶¶ 7-12 Petitioner maintained employment for four years caring for children and their families. *See* Habeas Ex. G, Prashaw Letter, Habeas Ex. H, Stadille Letter, and Habeas Ex. I, Pickle Letter. In fact, Petitioner was with the children he lived with and cared for when Respondents arrested and separated Petitioner from the family. *See* Habeas Ex. A, Reisz Decl., ¶5. Petitioner advised arresting agents that he lawfully entered, had applied to change status to asylee and

had a valid employment authorization document. *Id*. Respondents arrested Petitioner with no escape risk analysis.

Further, Petitioner's arrest took place in Santa Ana, CA and Respondents were subject to the preliminary injunction in *Vasquez Perdomo v. Mullin* enjoining Respondents "from enforcing their policy and practice of making warrantless civil immigration arrests in this District without a prearrest individualized determination by the arresting agent or officer of probable cause that the person being arrested is likely to escape before a warrant can be obtained, as required by 8 U.S.C. 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)." *Vasquez Perdomo v. Mullin*, No. 2:25-CV-05605-MEMF-SP, 2026 WL 2751388 at *31 (C.D. Cal. Sept. 2, 2026) (finding that the Government has likely "engaged in a pattern, practice, and policy of conducting no escape risk analysis at all, relying solely on unlawful status to determine escape risk, or basing the escape risk on false assertions"). Under *Vasquez Perdomo*, 8 U.S.C. 1357(a)(2) and 8 C.F.R. § 287.8(c)(2), Respondents were required to perform an escape risk analysis, they did not, and Petitioner's arrest and detention is unlawful.

**C. Violation of DHS Regulations**

Petitioner has not received a valid custody determination. DHS regulations require that within 48 hours of the noncitizen's arrest- or within a reasonable period of time in the event of an emergency or extraordinary circumstances- a determination must be made whether to continue to detain the noncitizen or release

"on bond or recognizance and whether a notice to appear and warrant of arrest… will be issued." 8 C.F.R. § 287.3(d).

Respondents possess information that Petitioner does not pose a risk of flight or danger; government records show Petitioner was lawfully admitted on a nonimmigrant visa, he lawfully applied for asylum while still in lawful nonimmigrant visa status, he complied with biometrics, updated his residence, and the government granted him work authorization. *See* TRO Ex. B, Cameron Decl., Habeas Ex. A, Reisz Decl., ¶ 12, Habeas Ex. C, J-1 visa, Habeas Ex. D, I-94, and Habeas Ex. E, J-1 Certificate. Petitioner was waiting for his asylum interview to be scheduled.

Within approximately 24-48 hours of Petitioner's arrest, counsel for Petitioner provided documentation that corroborated the government's own evidence that Petitioner was not a danger to the community or a risk of flight and included a letter from Mr. Jeffrey Prashaw confirming that Petitioner was living with, and would continue, living with him in Colorado and make sure Petitioner complied with his immigration obligations. *See* Habeas Ex. A, Reisz Decl., ¶11, Ex J, Email communication between Jean Reisz and Adelanto Deportation Officer with Letter Attachment.

ICE Officer Juan Gutierrez's comments to counsel for Petitioner about having to wait for a judge and asking counsel rhetorically whether counsel thought "visas [n]ever expire" indicate that Petitioner is being held solely on ICE's

determination of his unlawful status and a valid custody determination has not been completed. *See* Habeas Ex. A, Reisz Decl., ¶10. If the determination of unlawful status was all that was needed to show danger or flight risk, a custody determination under 8 C.F.R. § 287.3(d) would be superfluous and no one placed in removal proceedings would be eligible for ICE release on bond or recognizance. *See Vasquez Perdomo v. Mullin,* No. 2:25-CV-05605-MEMF-SP, 2026 WL 2751388 at *38 (applying the same reasoning to the requirements of 8 U.S.C. § 1357(a) and recognizing that "to permit an officer to make the required likelihood of escape determination simply by determining that an individual is unlawfully present in the United States would render the language regarding the likelihood of escape determination superfluous.")

Petitioner was never provided a custody determination as required by 8 C.F.R. § 287.3(d) and his continued detention is unlawful.

**D. Violation of Fourth Amendment**

Petitioner's arrest constitutes an unreasonable seizure under the Fourth Amendment because there was no probable cause for his arrest. See, e.g., *Sanchez v. Sessions*, 904 F.3d 643 (9th Cir. 2018).

Petitioner's compliance with U.S. immigration obligations including being lawfully admitted to the U.S., lawfully applying for asylum with USCIS, updating his address, maintaining current work authorization, and waiting for the

Government to schedule his asylum interview demonstrates he is not a flight risk and the arrest was unreasonable.

## II. PETITIONER WILL SUFFER IRREPARABLE HARM IN THE ABSENCE OF A TRO.

In the absence of a TRO, Petitioner will continue to remain unlawfully detained in protective ICE custody as a gay man. *See* Exhibit C, TRO Reisz Decl., ¶ 6. He has been separated from the family he cares for Habeas Ex., J, Jeffrey Prashaw letter attachment. He is experiencing loss of his employment. *See* Habeas Ex. I, Pickle Letter, and is deprived of his liberty. Detention constitutes "a loss of liberty that is . . . irreparable." *Moreno Galvez v. Cuccinelli*, 492 F. Supp. 3d 1169, 1181 (W.D. Wash. 2020) (*Moreno II*), *Moreno Galvez v. Cuccinelli*, 492 F. Supp. 3d 1169, 1181 (W.D. Wash. 2020) (*Moreno II*), *aff'd in part, vacated in part on other grounds, remanded sub nom. Moreno Galvez v. Jaddou*, 52 F.4th 821 (9th Cir. 2022). It "is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (citation modified); *Warsoldier v. Woodford*, 418 F.3d 989, 1001-02 (9th Cir. 2005). *See also Hernandez v. Sessions*, 872 F.3d 976, 994–95 (9th Cir. 2017) ("Thus, it follows inexorably from our conclusion that the government's current policies are likely unconstitutional—and thus that members of the plaintiff class will likely be deprived of their physical liberty unconstitutionally

in the absence of the injunction—that Plaintiffs have also carried their burden as to irreparable harm.”).

Petitioner recognizes that there is an expedited briefing schedule pursuant to General Order 26-05 as it pertains to immigration habeas petitions under 28 U.S.C. § 2241 but through no fault of Petitioner, that schedule has not commenced since the filing of Petitioner’s petition on October 16, and a judge has not been assigned to the instant matter. Given the seriousness of Petitioner’s continuing irreparable harm and protective custody, a TRO is necessary.

## III. THE BALANCE OF EQUITIES TIPS IN PETITIONER’S FAVOR AND A TRO IS IN THE PUBLIC INTEREST.

Because the government is a party, these two factors are considered together. *Nken v. Holder*, 556 U.S. 418, 435 (2009). Petitioner has established that the public interest factor weighs in his favor because his detention and removal “is inconsistent with federal law, . . . the balance of hardships and public interest factors weigh in favor of a preliminary injunction.” *Moreno Galvez v. Cuccinelli*, 387 F. Supp. 3d 1208, 1218 (W.D. Wash. 2019) (*Moreno I*); *see also Moreno Galvez*, 52 F.4th 821, 832 (9th Cir. 2022) (affirming in part permanent injunction issued in *Moreno II* and quoting approvingly district judge’s declaration that “it is clear that neither equity nor the public’s interest are furthered by allowing violations of federal law to continue”). This is because “it would not be equitable or in the public’s interest to allow the [government] . . . to violate the requirements of

federal law, especially when there are no adequate remedies available." *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) (second alteration in original) (citation omitted). Indeed, Respondents "cannot suffer harm from an injunction that merely ends an unlawful practice." *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013).

Here, Respondents have three times failed to follow constitutional, statutory, and regulatory requirements to consider whether Petitioner is a flight risk, in the face of evidence in the government's possession showing that Petitioner poses no risk of escape or flight. The balance of equities tips in favor of Petitioner and the public interest lies with granting the TRO application.

**CONCLUSION**

For the foregoing reasons, the Court should grant Petitioner's Application for a Temporary Restraining Order and Order to Show Cause.

The Court should issue an order:

a. enjoining Respondents from transferring Petitioner out of this District pending final resolution of this case;
b. for the immediate release of Petitioner due to Respondents' failure to provide Petitioner with a pre-detention hearing before his arrest, failure to conduct an escape risk analysis at the time of his warrantless arrest, and failure to conduct a custody determination within 48 hours of Petitioner's arrest; and
c. that Petitioner not be re-detained by Respondents without a pre- deprivation

hearing before a neutral judge where DHS bears the burden to establish by clear and convincing evidence that there has been a material change in circumstances and that Petitioner poses a flight risk or danger to the public; and that Petitioner not be re-detained without a pre-deprivation hearing before a neutral adjudicator to show cause as to why a preliminary injunction should not issue requiring the foregoing.

Dated: October 20, 2026

Respectfully submitted.

/s/ Jean Reisz
JEAN REISZ
NIELS W FRENZEN
AVERY VAN DEN BERG
USC GOULD SCHOOL OF LAW
IMMIGRATION CLINIC

*Attorneys for Petitioner*

## WORD COUNT CERTIFICATION

The undersigned counsel of record for Petitioner, certifies that this Memo contains 3,890 words, which complies with the word limit of L.R. 11-6.1.

s/ Jean Reisz
JEAN REISZ
Attorney for Petitioner