UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-06131-SSS-ACCV | Date | October 22, 2026 |
| Title | *Ashay Shookhinunthen v. Markwayne Mullin, et al.* | | |

(**A# 240-792-281**)

| | |
|---|---|
| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER GRANTING PETITIONER'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER [DKT. NO. 6]**

Before the Court is Petitioner Ashay Sookhinunthen's ("Petitioner") Ex Parte Application for a Temporary Restraining Order, Preliminary Injunction, and Order to Show Cause. [Dkt. Nos. 6, 6-1, Appl.]. Respondents filed an Opposition. [Dkt. No. 12, Opposition]. Petitioner filed a Reply in support of his Application. [Dkt. No. 13, Reply] Having considered the parties' arguments, relevant legal authority, and the record in this case, the Court **GRANTS** the Application. [Dkt. No. 6]

Petitioner is a citizen and national of South Africa who entered the United States on a J-1 via on or about August 28, 2020. [Dkt. No. 1 at 5]. Petitioner applied for asylum while his visa was still valid. [*Id.*] On October 8, 2026, Petitioner traveled on vacation from Colorado to California "with a family, whom he lived with and whose children he cared for." [Appl. at 7] He was arrested by immigration officials at baggage claim at John Wayne Airport in Santa Ana, California. [*Id.*]

Petitioner asserts he has no criminal history, and his asylum interview has been pending for the past 4 years. [*Id.*] Petitioner remains in immigration custody and seeks immediate release through the instant Application. [Appl. at 8].

To justify ex parte relief, the moving party must make two showings: (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

For the Court to grant an application for a TRO, the moving party must show: (1) that he is "likely to succeed on the merits" of [his] underlying claim, (2) that he is "likely to suffer irreparable harm in the absence of preliminary relief," (3) that "the balance of equities tips in his favor," and (4) that the requested injunction "is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).

Because Petitioner has established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, that an injunction is in the public interest, and Respondents do not oppose these issues, the Court **GRANTS** Petitioner's Application.[1] [Dkt. No. 6].

Respondents are **ORDERED** to immediately release Petitioner Ashay Sookhinunthen (A# 240-792-281) from custody and to file a status report certifying compliance within three (3) days of this Order. Respondents are **ENJOINED** from re-detaining Petitioner without a pre-deprivation hearing before a neutral judge where the government bears the burden to establish by clear and convincing evidence that there has been a material change in circumstances and

---

[1] In their opposition, Respondents solely argue that Petitioner is entitled to a bond hearing because he is a member of *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). However, Respondents concede that Petitioner is entitled to relief to his remaining claims because they failed to meaningfully respond.

that Petitioner poses a flight risk or danger to the public. All further proceedings are referred to the assigned Magistrate Judge.

**IT IS SO ORDERED.**